**Limary SANCHEZ–ESTRADA,
Plaintiff**

**v.**

**MAPFRE PRAICO INSURANCE,
CO. et al., Defendants.**

**Civil No. 13–1692 (GAG).**

United States District Court,
D. Puerto Rico.

Signed Jan. 23, 2015.

Richard Schell–Asad, Troncoso & Schell, San Juan, PR, for Plaintiff.

Carlos R. Ramirez, Luis M. Ferrer–Medina, Baerga & Quintana Law Offices, San Juan, PR, for Defendants.

## *MEMORANDUM OPINION*

GUSTAVO A. GELPI, District Judge.

Limary Sánchez–Estrada ("Plaintiff") filed this lawsuit against MAPFRE PRAICO Insurance Company, its subsidiary Multiservicar, Inc. ("Multiservicar"), and unnamed companies (collectively "Defendants"), alleging that she was discriminated against on the basis of her gender, pregnancy, and pregnancy related disabilities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Pregnancy Act, 42 U.S.C. § 2000e(k), Title I of the Americans with Disability Act of 1990, 42 U.S.C. § 12101 et seq., and supplemental claims under Puerto Rico law. (*See* Docket No. 1.) Defendants moved to dismiss the complaint and the court granted said motion in part, dismissing Plaintiff's claim for gender discrimination not based upon Plaintiff's pregnancy and her Puerto Rico Article 1802 tort claim. (Docket No. 16 at 7.) As such, Plaintiff's remaining claims allege that Defendants discriminated against her by (1) creating a hostile work environment because of her pregnancy and (2) taking adverse employment actions by giving her a negative employment evaluation, and reprimanding and suspending her for missing work because of her pregnancy and pregnancy related disabilities. (Docket No. 1.) On October 27, 2014, Defendants filed a motion for summary judgment. (Docket No. 39.) Plaintiff opposed the motion. (Docket No. 48.) Defendants filed a reply, which includes a motion to strike a self-serving affidavit that Plaintiff heavily relies upon to support her counterstatement of uncontested facts and separate statement of material facts. (*See*

Docket No. 57.) Plaintiff opposed Defendants' motion to strike and also moves this court for sanctions against counsel for Defendants, arguing that he has committed "fraud on the court." (Docket No. 62.) Before the court can address the merits of Defendants' motion for summary judgment, the court must first rule upon Defendants' motion to strike Plaintiff's self-serving affidavit.[1] (*See* Docket No. 57.) After reviewing the parties' submissions and pertinent law, the court **GRANTS** Defendants' motion to strike at Docket No. 57 and **DENIES** Plaintiff's request for sanctions at Docket No. 62.

### I. Discussion

Defendants filed their motion for summary judgment on October 27, 2014, in which, among other evidence, they referenced Plaintiff's testimony taken from three separate depositions conducted during the discovery process. (*See* Docket No. 39–2.) On December 2, 2014, Plaintiff filed a motion in opposition to summary judgment (Docket No. 48), in which she relies heavily on disputed issues of material fact raised in her counter statement of uncontested facts and additional statement of facts. (*See* Docket No. 49.) Rather than citing to testimony from her several depositions, Plaintiff relies almost exclusively on her own sworn affidavit, dated November 29, 2014—three days before she submitted her opposition to this court and more than a month after Defendants filed their motion for summary judgment and statement of uncontested facts. (*See* Docket Nos. 49 and 49–1.)

Defendants argue that the affidavit is a sham, as its sole purpose is to create genuine issues of material fact that defeat Defendants' motion for summary judgment. (*See* Docket No. 57 at 1–5.) In making such an argument, Defendants emphasize

the date that Plaintiff signed the affidavit and point to numerous contradictions between Plaintiff's deposition testimony and her affidavit. (*Id.* at 3–5.) In her reply, Plaintiff claims that her counsel cannot find a copy of the transcript of her final deposition, in which counsel clarified some of the contested issues that have arose. (Docket No. 62 at 2–3.) Plaintiff "presumes that Defendants' counsel, due to an oversight, has not provided him with a copy, or [it] has been misplaced by the undersigned's staff...." (*Id.*) Lastly, Plaintiff argues that the information in her self-serving affidavit is consistent with her deposition testimony and other evidence produced during discovery. (*Id.* at 4–7.)

■ As a general matter, evidence in the form of an affidavit is equal to other forms of evidence, such as deposition testimony. *See* 10A Wright & Miller, Federal Practice & Procedure § 2727 (3d ed.2011) ("facts asserted by the party opposing the [summary judgment] motion, if supported by affidavits or other evidentiary materials, are regarded as true"). Even a clearly self-serving affidavit constitutes evidence that the court must consider when resolving summary judgment motions. *See Cadle Co. v. Hayes*, 116 F.3d 957, 961 n. 5 (1st Cir.1997) ("A party's own affidavit, containing relevant information of which he has first-hand knowledge, may be self-serving, but it is nonetheless competent to support or defeat summary judgment.").

■ However, "[w]hen an interested witness has given clear answers to unambiguous questions, [s]he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." *Colantuoni v. Alfred Calcagni & Sons,*

---

1. Plaintiff's self-serving affidavit is found at Docket No. 49–1.

*Inc.*, 44 F.3d 1, 4–5 (1st Cir.1994). The court can strike such testimony when the party proffering the affidavit fails to provide a satisfactory explanation for the changed testimony. *See Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 20–21 (1st Cir.2000) (citing *Colantuoni*, 44 F.3d at 4–5). In striking such evidence, the court need not specifically enumerate each contradiction between the witness's prior testimony and the later filed affidavit in order to disregard the evidence. *See Orta–Castro v. Merck, Sharp & Dohme Quimica P.R., Inc.*, 447 F.3d 105, 110 (1st Cir.2006) (affirming district court's decision to disregard later filed affidavit that contradicted prior deposition testimony).

 In determining whether the affidavit constitutes an attempt to manufacture an issue of fact so as to defeat summary judgment, courts consider the timing of the affidavit, the party's explanation for the discrepancies, and also the number of times the party was deposed. *See Orta–Castro*, 447 F.3d at 110. The timing of the affidavit is significant because an affidavit executed after the moving party moves for summary judgment suggests ill motive. *See id.* (citing *Colantuoni*, 44 F.3d at 5 and *Torres*, 219 F.3d at 20). Further, when counsel represents a party during a deposition, he may raise and clarify any questions that are confusing or correct any incorrect impressions garnered by the deponent. *Orta–Castro*, 447 F.3d at 110. Lastly, although this doctrine excludes conflicting testimony given by an interested party, it does not bar a party from "elaborating upon, explaining or clarifying prior testimony elicited by opposing counsel on deposition." *Nelson v. City of Davis*, 571 F.3d 924, 928 (9th Cir.2009) (internal quotation marks omitted) (internal citations omitted).

 With those principles in mind, the court turns to the present case. Upon an examination of the content of the affidavit, the timing of its execution, and counsel's explanation for the changed testimony, the court finds that there are many indications that persuade it to disregard the affidavit in considering the propriety of summary judgment. First, although the court will not exhaustively enumerate each contradiction between Plaintiff's deposition testimony and the later filed affidavit, as it has no duty to do so, *see Orta–Castro*, 447 F.3d at 110, it does note that there are many inconsistencies between the testimonies. Notably, in her second deposition, Plaintiff testified that she was absent from work November 7 through November 14, 2012 and in her affidavit she now claims that she was present at work those days and even goes so far as to say that Defendants forged her signature in a request for leave regarding those days. (*Compare* Docket No. 65–7 at 7 *with* Docket No. 49–1 at 14.) Further, Plaintiff initially testified that she was never given any instructions regarding what clothing she was to wear at work and in her affidavit she now claims that she was instructed to wear her regular "maternity fit" clothing. (*Compare* Docket No. 46–1 at 20 *with* Docket No. 49–1 at 7.)

Second, with respect to the timing, discovery closed on September 15, 2014 after this court granted an extension of time. (Docket No. 28.) Thereafter, Defendants moved for summary judgment on October 27, 2014 and Plaintiff executed the affidavit on November 29, 2014, which was three days before she submitted her opposition to this court. (*See* Docket Nos. 49 and 49–1.) As such, not only did the execution of the affidavit occur over two months after discovery had ended and Plaintiff had that time to request transcripts for her depositions, but she had the opportunity to review Defendants' motion for summary judgment and statement of facts before executing the affidavit. This timeline

leads to a reasonable inference that the statement was drafted with the purpose of defeating summary judgment. Third, as previously noted, Plaintiff was deposed three times during the course of discovery on July 22, August 19, and September 9, 2014. (Docket No. 57 at 3.) This is also significant because the mere fact that Plaintiff's deposition was taken three separate times, in which she was accompanied by counsel, shows that her counsel had many opportunities to clarify any incorrect impressions. *See Orta–Castro,* 447 F.3d at 110. Fourth, and finally, Plaintiff's counsel does not provide this court with an explanation for using the affidavit and not citing her depositions even once, other than merely stating that he cannot find the transcripts and argues that the testimony is indeed consistent. However, as previously noted, an examination of the testimonies shows that there are indeed many inconsistencies. Further, although Plaintiff briefly claims that she did in fact testify in her third deposition that her signature was forged to show that she missed work on November 7, 8, and 9 of 2012, she again claims that this "transcript is not available." (Docket No. 62 at 5.) This excuse is not satisfactory because Plaintiff had months to obtain the transcript for the depositions. Plaintiff has not shown that she made any attempt to contact Defendants for a copy of the transcripts.

Such a practice of presenting post summary judgment affidavits simply makes a mockery out of Rule 56 of the Federal Rules of Civil Procedure, as well as the Rules pertaining to the discovery process. Without a satisfactory explanation as to why this information was not the subject of the prolonged discovery process, the court has no choice but to not consider it. Further, if the court were to allow the affidavit to be considered, Defendants should then have an opportunity then to conduct further discovery as to what is now provided in the affidavit, and, at a minimum, re-depose Plaintiff, just as if Defendants had moved for summary judgment and Plaintiff needed additional Rule 56(c) discovery. From the court's perspective and standpoint of Rules of Civil Procedure, however, it is simply too late in the process to do this, as it would only wipe clean the court's case management deadlines.

Accordingly, the court **GRANTS** Defendants' motion to strike Plaintiff's self-serving affidavit at Docket No. 57. Plaintiff is hereby given until February 5, 2015 to resubmit a response to Defendants' motion for summary judgment and statement of uncontested facts at Docket Nos. 39–1 and 39–2 that does not include citations to said affidavit. **This deadline is final.** Defendants shall then resubmit their sur-reply by February 17, 2015.

Furthermore, in resubmitting her documents, the court reminds Plaintiff of the local rules of civil procedure that govern her submissions of summary judgment materials. *See* L. Cv. R. 56 (D.P.R. 2009). These rules state that a party opposing summary judgment has the obligation to admit, deny, or qualify the moving party's statements of uncontested fact in a short and concise manner. *See* L. Cv. R. 56(c). If the non-moving party wishes, it may include a separate section that includes additional facts, the party may do so. *See id.* This separate section containing additional facts is necessary to allow the moving party to reply to those additional facts and to allow the court to easily determine the disputed facts. *See* L. Cv. R. 56(d) (governing reply statements of material facts). Therefore, the non-movant may not include numerous additional facts within its opposition to the moving party's statements of uncontested facts like Plaintiff did in her counter-statement at Docket No. 49. *See Acevedo–Parrilla v. Novartis*

*Ex–Lax, Inc.*, 696 F.3d 128, 137 (1st Cir. 2012). It is within the district court's discretion to decide whether to consider additional facts that are not included in the separate section. *See id.* As such, the court will not sift through Plaintiff's responses to locate additional facts if they are not located in her separate section.

Lastly, with respect to Plaintiff's request for sanctions against Defendants in the form of default, the court is not persuaded that such recourse is required. Plaintiff accuses Defendants of expunging her employment file to show that her SI-NOT leave was not pregnancy related, but other than indicate that Defendants did not submit a particular document with her employment file, Plaintiff fails to show this court how engaged in a pattern of deliberate deception during the course of discovery. Further, Plaintiff's claim that Defendants forged her signature on documents is only supported by her self-serving affidavit that the course has striken from the record. Accordingly, Plaintiff's request for sanctions is **DENIED.**

 **SO ORDERED.**